# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

JOHN ROBINSON,

    Plaintiff,

v.

CITY OF HYATTSVILLE,
TRACEY NICHOLSON,
LESLEY RIDDLE and
MIKE SCHMIDL,

    Defendants.

Civil Action No. TDC-17-1130

## MEMORANDUM ORDER

Plaintiff John Robinson, who is self-represented, brought this action against his former employer, the City of Hyattsville, Maryland; the Hyattsville City Administrator, Tracey Nicholson; and two supervisors at the Hyattsville Department of Public Works. Robinson alleges that these supervisors, Lesley Riddle and Mike Schmidl, engaged in a pattern of harassment against him, which ultimately resulted in his termination. Robinson has filed a Motion to Amend his Complaint in order to assert three constitutional claims. ECF No. 25. Also pending is Robinson's Motion to Extend Discovery. ECF No. 28.

## BACKGROUND

In his original Complaint, Robinson alleged that he was subjected to discrimination on the basis of race, color, sex, and age, as well as unlawful retaliation, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17 (2012), and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634 (2012). He also alleged violations of the Fifth and Fourteenth Amendments to the United States Constitution. Robinson

later filed an Amended Complaint, which appeared to assert only the Title VII and ADEA claims.

Defendants Nicholson, Riddle, and Schmidl ("the Individual Defendants") filed a Motion to Dismiss the claims asserted against them in the Amended Complaint on the basis that neither Title VII nor the ADEA gives rise to claims against individual supervisors. The Court granted that motion and informed Robinson that if he wanted to assert any other claims, including the constitutional claims asserted in his original Complaint, he would have to file a Motion to Amend the Complaint. Robinson then filed the pending Motion to Amend, seeking to re-assert the Fifth and Fourteenth Amendment claims from his original Complaint, arguing that his right to due process of law was violated by his termination from public employment. He also seeks to assert a new claim for a violation of his First Amendment right to freedom of speech. The Defendants oppose the Motion, arguing that Robinson's proposed amendments are futile.

## DISCUSSION

**I.     Legal Standard**

Pursuant to Federal Rule of Civil Procedure 15(a), "[a] party may amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 dictates that "[t]he court should freely give leave when justice so requires." *Id.* A proposed amendment, however, may be "denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986).

2

## II. Fifth and Fourteenth Amendment Claims

Robinson argues that he never intended to abandon the Fifth and Fourteenth Amendment claims that he asserted in his original Complaint. Mot. to Amend at 1, ECF No. 25-1. He now seeks to re-assert those claims in a Second Amended Complaint. Although Robinson refers to these claims as "due process" claims, because the Fifth Amendment due process clause has been deemed to have an equal protection component, *United States v. Windsor*, 570 U.S. 744, 774 (2013), the Court will liberally construe these *pro se* allegations as seeking to add both equal protection and due process claims.

42 U.S.C. § 1983 makes liable "[e]very person" who, under color of state law, deprives an individual of constitutional rights. 42 U.S.C. § 1983 (2012). Such § 1983 claims may be asserted against public officials in their individual capacities only. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70–71 (1989). Because courts should construe pleadings of self-represented litigants liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court will construe Robinson's Motion as an attempt to bring his constitutional claims against the Individual Defendants in their individual capacities under § 1983.

Here, an equal protection claim against the Individual Defendants would presumably be based on the same allegations of race, color, age, and sex discrimination that underlie the Title VII and ADEA claims that are already part of the case. The Court will grant leave to amend to add such a claim. Because the Individual Defendants are state and local officials, only the Fourteenth Amendment, not the Fifth Amendment, applies. Where Robinson failed to comply with Local Rule 103.6, which requires litigants to attach a copy of their proposed amended pleading to any motion to amend, Robinson will be required to submit a Second Amended Complaint that includes all operative allegations and claims.

3

As for due process, "[a] public employee who has been terminated may bring a claim under 42 U.S.C. § 1983 alleging deprivation of either a property interest in continued employment, or a liberty interest in his good reputation and employability, or both, without due process of law as provided by the Fourteenth Amendment to the United States Constitution." *Rogosin v. Mayor and City Council of Balt.*, 197 F. Supp. 2d 345, 353 (D. Md. 2002). A property interest in public employment is created by state statute, local ordinance, or contract. *Bishop v. Wood*, 426 U.S. 341, 344 (1976); *Board of Regents of State Colls. v. Roth*, 408 U.S. 564, 576–77 (1972) ("Property interests, of course, are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits."). A liberty interest in one's continued good name and employability arises when a state employer "impose[s] on [the plaintiff] a stigma or other disability that foreclose[s] his freedom to take advantage of other employment opportunities." *Roth*, 408 U.S. at 573. "For '(w)here a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential.'" *Id.* (quoting *Wisconsin v. Constantineau*, 400 U.S. 433, 437 (1971)).

Robinson has alleged that he was a public employee, that he had an employment contract, and that the Individual Defendants breached that contract. These allegations are sufficient, at this stage, to show that Robinson is asserting a protected property interest in his public employment with the City of Hyattsville. The Court will therefore also allow him to amend his Complaint to add a claim for violation of his due process rights under the Fourteenth Amendment.

As for Defendant City of Hyattsville, the Supreme Court, in *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), concluded that local government entities are considered "persons" for the purposes of § 1983, but they may not be held liable solely because they employ an individual who committed an unlawful act. *Id.* at 690–91. Rather, local governments may be sued only if the alleged constitutional violation results from a custom or policy of the local government. *Id.* While the pleadings of *pro se* litigants should be interpreted liberally, Robinson has alleged no facts that would show that the discrimination and retaliation he allegedly experienced were part of a custom or policy of the City of Hyattsville. The Motion to Amend is therefore denied to the extent that it seeks to add a § 1983 claim against the City of Hyattsville.

**III.    Free Speech Claim**

Robinson further seeks to add a claim for a violation of his First Amendment right to freedom of speech. Robinson has provided no allegations, in his Motion or in his earlier versions of the Complaint, that support a claim that he was terminated for statements he made, whether protected by the First Amendment or not. The Motion will therefore be denied to the extent that it seeks to add a First Amendment claim.

**IV.    Motion to Extend Discovery**

Finally, Robinson requests to extend the deadline by which discovery must be completed. Defendants do not oppose this Motion. In light of Robinson's *pro se* status and the Court's granting, in part, of his Motion to Amend, the Motion to Extend Discovery will be granted.

# CONCLUSION

Accordingly, it is hereby ORDERED that:

1. Robinson's Motion to Amend the Complaint, ECF No. 25, is GRANTED IN PART and DENIED IN PART. The Fourteenth Amendment equal protection and due process claims, brought pursuant to 42 U.S.C. § 1983, may proceed against Defendants Nicholson, Riddle, and Schmidl in their individual capacities. The Motion is denied in all other respects.

2. Within **14 days** of the date of this Order, Robinson shall FILE a Second Amended Complaint, which will combine the factual allegations in the previous two versions of the Complaint, including the page that was inadvertently excluded from the First Amended Complaint. The Second Amended Complaint will also list all claims that remain, specifically: (1) a Title VII claim against the City of Hyattsville; (2) an ADEA claim against the City of Hyattsville; and (3) Fourteenth Amendment equal protection and due process claims pursuant to 42 U.S.C. § 1983 against Defendants Nicholson, Riddle, and Schmidl in their individual capacities. The Second Amended Complaint must include all operative allegations and claims and may not rely upon, or cross-reference, prior versions of the Complaint.

3. Defendants shall FILE an Answer to the Second Amended Complaint within **14 days** of its filing.

4. Robinson's Motion to Extend Discovery, ECF No. 28, is GRANTED. The following reports must be filed, or actions taken, by the listed date:

| | |
|---|---|
| September 26, 2018 | Completion of Discovery; submission of Post-Discovery Joint Status Report, *see* Part V |
| October 3, 2018 | Requests for admission |

| October 10, 2018 | Notice of Intent to File a Pretrial Dispositive Motion, *see* Case Management Order Part II.A |

Date: August 2, 2018

/s/ THEODORE D. CHUANG
THEODORE D. CHUANG
United States District Judge